# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# DOCKET NO. 3:12-CV-00204-FDW-DSC

| | |
|---|---|
| LAKESHA SHANTAY CHESTER, )<br> )<br>         **Plaintiff,** )<br> )<br>vs. )<br> )<br>US SECURITY ASSOCIATES, )<br> )<br>         **Defendant.** )<br>_____ ) | **ORDER & NOTICE** |

**THIS MATTER** is before this Court upon Defendant US Security Associates' Motion for Summary Judgment, (Doc. No. 29). In accordance with <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975), the Court advises Plaintiff Lakesha Shantay Chester, who is proceeding pro se, of the heavy burden that she carries in responding to Defendant's Motion for Summary Judgment.

Rule 56(e)(2), Federal Rules of Civil Procedure, provides:

> When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleadings; rather, its response must -- by affidavits or as otherwise provided in this rule -- set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

This language means that if Plaintiff has any evidence to offer to show that there is a genuine issue for trial, she must now present it to this Court in a form which would otherwise be admissible at trial, for example, exhibits, affidavits, or unsworn declarations. An affidavit is a written statement sworn before a notary public. An unsworn statement, made and signed under the penalty of perjury, may also be submitted. Affidavits or sworn statements must be presented by Plaintiff to this Court within fourteen (14) days of the entry of this Order (specifically by March 21, 2013). **<u>As stated by Rule 56(e)(2), Plaintiff's failure to respond may result in</u>**

**granting summary judgment to Defendant, that is, she will lose her case and her case will be dismissed with prejudice.**

The Court notes that Plaintiff has also filed a Motion for Summary Judgment. (Doc. No. 30). Plaintiff is cautioned that filing this Motion does not remove the burden from Plaintiff of responding to Defendant's Motion for Summary Judgment. The Court also notes that Defendant filed a Response in Opposition to Plaintiff's Motion, (Doc. No. 32), and is represented by counsel, so no advisory notice of this nature will be issued to Defendant. As with any response Plaintiff may file to Defendant's Motion for Summary Judgment, Plaintiff's Motion for Summary Judgment must also be presented in a form that would otherwise be admissible at trial (again, for example, exhibits, affidavits, or unsworn declarations). Since Plaintiff has already submitted her Motion for Summary Judgment, and because the Court is already allowing her fourteen days to respond to Defendant's Motion, Plaintiff may supplement or amend her Motion within fourteen (14) days of the issuance of this Order (specifically by March 21, 2013). If Plaintiff elects to supplement or amend her Motion, Defendant need not submit a restatement of its earlier arguments, which will still be considered by the Court. Defendant may, however, submit a supplemental or amended response to Plaintiff's Motion within seven (7) days of the end of this time period (specifically by March 28, 2013). Because Plaintiff is being given these fourteen (14) days to correct or amend her Motion for Summary Judgment, Defendant's Motion to Strike Portions of Plaintiff's Motion for Summary Judgment and Inadmissible Exhibits to Plaintiff's Motion for Summary Judgment, (Doc. No. 31), is hereby DENIED WITHOUT PREJUDICE AS MOOT.

IT IS THEREFORE ORDERED that Plaintiff has fourteen (14) days from the entry of this

Order to file her response (specifically by March 21, 2013), including any evidence, to Defendant's Motion for Summary Judgment. (Doc. No. 29). Plaintiff may also supplement or amend her Motion for Summary Judgment, (Doc. No. 30), within that time period. If Plaintiff does so, Defendant may supplement or amend its response to Plaintiff's Motion within seven (7) days of the end of that time period (specifically by March 28, 2013). As such, Defendant's Motion to Strike Portions of Plaintiff's Motion for Summary Judgment and Inadmissible Exhibits to Plaintiff's Motion for Summary Judgment, (Doc. No. 31), is hereby DENIED WITHOUT PREJUDICE AS MOOT.

IT IS SO ORDERED.

Signed: March 7, 2013

Frank D. Whitney
United States District Judge