# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# DOCKET NO. 3:12-CV-00204-FDW-DSC

| | |
|---|---|
| LAKESHA SHANTAY CHESTER, | ) |
| Plaintiff, | ) |
| vs. | ) ORDER |
| US SECURITY ASSOCIATES, | ) |
| Defendant. | ) |

**THIS MATTER** is before this Court upon Defendant U.S. Security Associates, Inc.'s Motion to Strike Portions of Plaintiff's Reply to Defendants Motion for Summary Judgment and Inadmissible Exhibits. (Doc. No. 44). In its Motion and accompanying Memorandum, Defendant asks this Court to strike certain portions of Plaintiff Lakesha Shantay Chester's Reply[1] to Defendant's Motion for Summary Judgment, (Doc. No. 40), and all exhibits on pages 11-18, 23-24, 26-31, and 33[2] of Defendant's Reply. Plaintiff did not respond to Defendant's Motion. For the reasons stated below, the Motion is GRANTED IN PART and DENIED IN PART.

In its Motion, Defendant first argues that Plaintiff's Reply includes unsworn statements of facts that contradict sworn testimony she has previously given. Accordingly, Defendant argues that these statements should not be considered because they do not conform to the requirements of Rule 56(c)(4) of the Federal Rules of Civil Procedure. Specifically, Defendant

---

[1] Plaintiff's Reply is actually a response. As Plaintiff captions her response a "Reply," the Court will refer to it as such in this Order. Also, Plaintiff has submitted a second document with the same title. (Doc. No. 41). That submission and its contents are not at issue in this Order and all references to Plaintiff's Reply in this Order refer to her first submission, (Doc. No. 40).

[2] Defendant lists page 34 as the location of inadmissible material in the conclusion to both its Motion and Memorandum. However, it specifically lists a "copy of conversation between Plaintiff and Lawrence J. Brown (D.E. 40, p. 33)[]" on page 3 of the Memorandum. As page 34 does not contain a conversation or portion of a conversation, the Court assumes Defendant meant to refer to page 33 in the conclusion of both its Motion and Memorandum.

argues that Plaintiff's allegations in her Reply contradict her deposition testimony regarding information she provided to Lawrence Brown regarding comments allegedly made by Clayton Corbett. Defendant argues that Plaintiff, contrary to her deposition testimony, stated in her Reply that when she asked Brown to keep Corbett away from her, she provided Brown with examples of things Corbett had allegedly said to her. Upon a review of the record, the Court finds that Plaintiff's statements in her Reply (Doc. No. 40, p. 4) conflict with statements she previously made during her two depositions. It is clear that "'a party cannot create a genuine issue of fact sufficient to survive summary judgment simply by contradicting . . . her own previous sworn statement . . . without explaining the contradiction or attempting to resolve the disparity.'" Collins v. Chem. Coatings, Inc., 2010 U.S. Dist. LEXIS 32369, *18-19 (W.D.N.C. Mar. 31, 2010) (quoting Cleveland v. Policy Mgmt. Sys. Corp., 526 U.S. 795, 806 (1999)) (alteration in Collins). In this instance, Plaintiff has not explained any of the above contradictions or resolved any of the disparities. Accordingly, the Court GRANTS this portion of Defendant's Motion, and the facts mentioned in Plaintiff's Reply, as described in the above paragraph, are hereby STRIKEN and will not be considered by the Court.

Defendant next argues that Plaintiff states in her Reply that, during a meeting with Charles Hochreiter and Corbett on October 29, 2009, regarding an incident in which she alleges Corbett threw a bottle at her, Corbett would not admit to or apologize for the "'harassment'" (Doc. No. 44, quoting Doc. No. 40), and Hochreiter never mentioned the harassment to Corbett. Defendant argues this is inconsistent with Plaintiff's sworn deposition testimony that the only complaint Plaintiff ever reported to Hochreiter was the bottle-throwing incident and that Plaintiff did not report that she had been sexually harassed until she contacted District Manager Archie Bryant on November 16, 2009. The Plaintiff's Reply states that on October 29, 2009, "Charles told me in

2

an upset manner that he did not believe Clayton had done any of the things that were reported to him." (Doc. No. 40, p. 5) When Hochreiter later called Corbett into his office while Plaintiff was still present, "Charles asked Clayton if he wanted to tell me anything else and Clayton then told me I am sorry for throwing the paper and bottle but would not admit or apologize for the harassment and Charles never mention [sic] it to Clayton." (Doc. No. 40, p. 5.) While Plaintiff is quite explicit in her deposition that she never told Hochreiter about any allegations of sexual harassment, her Reply does not state that she told him herself. While there is a notable lack of clarity in this issue, the Court does not find that the statements made by Plaintiff in her Reply and her depositions are necessarily inconsistent. Accordingly, the Court DENIES this portion of Defendant's Motion and these statements are not striken.

Next, Defendant argues that Plaintiff submitted a number of emails in support of her Reply that she specifically should have produced during discovery and that she is now prohibited from using those documents. Specifically, Defendant moves that a number of emails between Plaintiff and Hochreiter (Doc. No. 40, p. 11-18, 23-24), and correspondence between Plaintiff and Samantha White (Doc. No. 40, p. 26-31) be striken. Defendant argues that Plaintiff failed to produce these documents despite requests by Defendant in its written discovery to Plaintiff for any correspondence relevant to Plaintiff's claims. Defendant argues this request was also made in a subsequent deficiency letter and during Plaintiff's deposition. Defendant also states that after Plaintiff's deposition on December 18, 2012, Plaintiff informed Defendant she had no more documents relevant to her case. Defendant argues that these documents should be striken because Rule 37(c) of the Federal Rules of Civil Procedure prohibits a party from using documents that they did not produce during discover in support of a motion. Although this is only one of several options available to the Court under Rule 36(c), upon review of the record in

3

the present case, the Court believes that striking these documents is appropriate in this case. Accordingly, the Court GRANTS this portion of Defendant's Motion, and the emails between Plaintiff and Hochreiter (Doc. No. 40, p. 13-15, 18, 23-24), and correspondence between Plaintiff and White (Doc. No. 40, p. 26-31) are hereby STRIKEN and will not be considered by the Court.

In addition, Defendant argues that unsworn conversations between Plaintiff and Danielle Harris, Plaintiff and Samantha White, and Plaintiff and Lawrence Brown are inadmissible and should be striken from the record under Rule 56(c)(4) of the Federal Rules of Civil Procedure on the grounds that they are inadmissible hearsay. Under Rule 56(c)(4), "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Defendant correctly points out that a number of conversations submitted by Plaintiff between Plaintiff and Danielle Harris, Plaintiff and White, and Plaintiff and Brown were not submitted in the form of affidavits or sworn statements. Therefore, the Court GRANTS this portion of Defendant's Motion, and these conversations, as found on p. 23-24, 39-31, 33, are also STRIKEN.

Finally, the Court notes that Defendant specifically "requests that this Court strike the []referenced portions of Plaintiff's Reply and inadmissible exhibits to Plaintiff's Reply found on pages 11-18, 23-24, 26-31, and 3[3]." (Doc. No. 44-1). In addition to the emails discussed above, such pages also include emails between Plaintiff and Patricia Phelps (p. 11), Plaintiff and Lindsay Hoxit (p. 12), and Plaintiff and Kimberly Ambersley (p. 16, 17). While not discussed earlier in Defendant's Motion, Defendant clearly appears to be asking these items to be striken. While it is unclear under what Federal Rule of Civil Procedure Defendant is specifically asking these documents to be striken under, the Court treats these emails as documents, not

4

conversations, and it therefore appears to the Court that Defendant intended to argue that these items were documents not turned over in discovery. Accordingly, these documents are also STRIKEN from the record and will not be considered by the Court.

For the above reasons, Defendant's Motion to Strike is GRANTED IN PART and DENIED IN PART as described above. The statements made by the Plaintiff, as outlined above in this Order, as well as all documents and all exhibits found on pages 11-18, 23-24, 26-31, and 33 of Plaintiff' Reply are hereby STRIKEN and will not be considered by the Court.

IT IS SO ORDERED.

Signed: July 12, 2013

Frank D. Whitney
Chief United States District Judge