# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:12-CV-00204-FDW-DSC

| | |
|---|---|
| LAKESHA SHANTAY CHESTER, )<br>)<br>**Plaintiff,** )<br>)<br>vs. )<br>)<br>US SECURITY ASSOCIATES, )<br>)<br>**Defendant.** )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court upon Plaintiff Lakesha Shantay Chester's "Plaintiff['s] Bill of Cost[s] and Plaintiff['s] Objection to Defendant['s] Bill of Cost[s]." (Doc. No. 62). The Court treats this Bill and Objection as a motion. For the reasons stated below, Plaintiff's Bill and Objection is DENIED. Defendant is required to pay no costs in this case, and Plaintiff remains responsible for all costs as set forth in Defendant US Security Associates' Bill of Costs (Doc. No. 56), filed with the Clerk's Office. Plaintiff is hereby ORDERED to pay all such costs by October 10, 2013, or is required to work out a payment plan with Defendant that is satisfactory to both parties by that time. In the event that a payment plan cannot be agreed upon, the burden remains on Plaintiff to pay the costs by October 10, 2013. Plaintiff is warned that failure to comply with this Order may result in her being held in contempt of Court.

In her Bill and Objection, Plaintiff states the following:

> Plaintiffs respectfully assert that this Court should exercise the discretion vested in it and deny, in its entirety, Defendant's bill of costs. In this case Plaintiffs had *prima facie* evidence that US Security Associates had violated her rights.To be more clear, the Defendant survived summary judgment based not on the evidence in the case but simply through legal loop holes. And while the Court, sitting as the fact-finder, ultimately ruled in favor of the Defendant, and the Plaintiff recognize's that the Court ruled against her on the merits, Plaintiffs should not be

> penalized, again, with having to incur Defendant's taxable costs.This is especially true given that Plaintiffs had strong and direct evidence on their claim and has filed and appeal on this case within another court.

(Doc. No. 62).

Under Rule 54(d)(1) of the Federal Rules of Civil Procedure, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Plaintiff previously objected to Defendant's bill of costs by filing a "Plaintiff['s] Response Disputing the Bill of Cost[s]." (Doc. No. 60). This objection was treated as a motion, and the Court issued an Order denying the motion. (Doc. No. 61). As the Court made clear in that Order, Rule 54(d)(1) "contains no relief for the losing party in a case because he or she may have had costs of their own, because he or she did not ask the opposing party for assistance with his or her costs, or because the opposing party elected to use a particular method to pursue its case." The Order also made clear that "there is no federal statute, other Federal Rule of Civil Procedure, or court order prohibiting the award of costs in this case." Plaintiff's Bill and Objection do not change the situation. Plaintiff's belief that she has a strong case and her decision to file an appeal do not change her obligation to pay Defendant's Bill of Costs or require Defendant to pay her costs. Furthermore, although not raised by Plaintiff, the Court notes that Plaintiff's in forma pauperis status does not relieve her of the burden of paying costs after losing her case. See 28 U.S.C. § 1915(f); Flint v. Hayes, 651 F.2d 970, 972 (4th Cir. 1981); Perkins v. Cingliano, 296 F.2d 567, 568-569 (4th Cir. 1961). Accordingly, Plaintiff's Bill and Objection is DENIED.

For the above reasons, Plaintiff's Bill and Objection is DENIED. Defendant is required to pay no costs in this case, and Plaintiff remains responsible for all costs as set forth in Defendant US Security Associates' Bill of Costs, (Doc. No. 56) filed with the Clerk's Office. Plaintiff is

hereby ORDERED to pay all such costs by October 10, 2013, or is required to work out a payment plan with Defendant that is satisfactory to both parties by that time. In the event that a payment plan cannot be agreed upon, the burden remains on Plaintiff to pay the costs by October 10, 2013. Plaintiff is warned that failure to comply with this Order may result in her being held in contempt of Court.

IT IS SO ORDERED.

Signed: September 9, 2013

Frank D. Whitney
Chief United States District Judge